IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON, DIVISION

United States Courts
Southern District of Texas
FILED
JAN 21 2011
Clerk of Court

| | |
|---|---|
| JERRY TOMMY PARNELL § | |
| § | |
| VS. § | C.A. NO.: _____ |
| § | |
| GLOBAL INTERNATIONAL VESSELS, LTD., § | |
| GLOBAL OFFSHORE (MALAYSIA) SDN. BHD., § | |
| and GLOBAL INDUSTRIES INTERNATIONAL, § | PLAINTIFF DEMANDS A |
| L.P. § | TRIAL BY JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JERRY TOMMY PARNELL, hereinafter referred to as Plaintiff, complaining of, GLOBAL INTERNATIONAL VESSELS, LTD., GLOBAL OFFSHORE (MALAYSIA) SDN. BHD., and GLOBAL INDUSTRIES INTERNATIONAL, L.P., hereinafter referred to as the "Global" Defendants and would respect fully show as follows:

1. This is an action within the maritime jurisdiction of this Court and this Court has jurisdiction because there exists an amount in controversy in excess of $75,000.

2. This claim is maintained under the Jones Act and the general maritime law of the United States.

3. Plaintiff is an American citizen and as an American seaman, he brings this action pursuant to the terms of Section 1916, Title 28, United States Code without the prepayment of costs or the necessity of depositing security therefor.

4. Plaintiff, JERRY TOMMY PARNELL, is a resident of Louisiana.

5. Defendant, GLOBAL INTERNATIONAL VESSELS, LTD., is a foreign entity. Service information is pending at this time.

6. Defendant, GLOBAL OFFSHORE (MALAYSIA) SDN. BHD., is a foreign entity. Service information is pending at this time.

7. Defendant, GLOBAL INDUSTRIES INTERNATIONAL, L.P., is a foreign entity. Service information is pending at this time.

8. On July 14, 2010, JERRY TOMMY PARNELL, was employed by GLOBAL INDUSTRIES INTERNATIONAL, L.P., as a seaman aboard the DLB246, a vessel owned by Defendant, GLOBAL INTERNATIONAL VESSELS, LTD., and operated by Defendant, GLOBAL OFFSHORE (MALAYSIA) SDN. BHD. On that date, as a result of an occurrence, Plaintiff sustained severe and painful injuries to his body. Specifically, Plaintiff was injured when he was maliciously struck and assaulted by Ethan, his supervisor/trainer. Ethan is a Texas Resident. Such occurrence and such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the vessel, its crew and its appurtenances and/or equipment, or, in whole or in part, as a proximate result of the initial acts and/or negligence and lack of attention on the part of the Defendants, its agents, servants and/or employees acting in the course and scope of their employment and agency. At all relevant times, Defendants knew, or should have known of the dangerous propensities of Ethan, and that he had demanded on numerous occasions to be relieved of duty and sent home. Ethan had also worked beyond government mandated work limits.

9. On said date Defendants, GLOBAL INTERNATIONAL VESSELS, LTD., GLOBAL OFFSHORE (MALAYSIA) SDN. BHD., and GLOBAL INDUSTRIES INTERNATIONAL, L.P. were negligent and said negligence was a proximate cause of Plaintiff's Injuries. Plaintiff contends that on the occasion in question, the Defendant, acting through its officers, agents, servants and/or employees were negligent and the vessel DLB264 was unseaworthy. Defendants were aware that the vessel was understaffed and that Ethan, Plaintiff's

supervisor/trainer, had worked in excess of 100 days, in contradiction to the 60-day hitch allowed, despite the supervisor/trainer's requests to go home.

10. On said date as a result of said occurrence, Plaintiff sustained severe and painful injuries to his right shoulder, neck, back and face, among other parts of his body. Such occurrences and such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the DLB264 and Defendants, its crews and appurtenances and/or equipment or, in whole or in part, as a proximate result of the initial acts and/or negligence or lack of attention on the part of Defendant, its agents, servants and/or employees acting in the course and scope of their employment and agency.

11. As a result of said occurrence, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish and other medical problems. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date and that in all reasonable probability, such physical pain, physical impairment and mental anguish will continue indefinitely and into the future. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

12. Plaintiff further alleges that it was and still is, the duty of said Defendant/Employer, to furnish him with maintenance and cure and loss of wages. Plaintiff further alleges that the Defendant has unreasonably, arbitrarily, willfully and capriciously refused to pay maintenance to him and such sums were due and owing and Defendant has further unreasonably, arbitrarily,

willfully and capriciously refused to provide him with medical cure. As a result of Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, that he found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees for the collection of the maintenance and cure benefits due to him. Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JERRY TOMMY PARNELL, prays that the Defendants, GLOBAL INTERNATIONAL VESSELS, LTD., GLOBAL OFFSHORE (MALAYSIA) SDN. BHD., and GLOBAL INDUSTRIES INTERNATIONAL, L.P., be cited to appear and answer herein and, after trial on the merits of this cause, Plaintiff have judgment against Defendants, both jointly and severally, for the following:

   a.   A sum in excess of the minimum jurisdictional limits of this Court;

   b.   Pre-judgment interest at the maximum legal rate;

   c.   Post-judgment interest at the maximum legal rate;

   d.   Costs of Court;

   e.   Any and all relief, be it general or special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

SCHECHTER, MCELWEE, SHAFFER & HARRIS L.L.P.

_____
MATTHEW D. SHAFFER
TBA # 18085600
FED I.D. #:8877
3200 Travis, 3rd Floor
Houston, Texas 77006
TEL: (713) 524-3500
FAX: (713) 751-0412
ATTORNEYS FOR PLAINTIFF

PLAINTIFF DEMANDS A TRIAL BY JURY